IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. GLENN B. DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC H. HOLDER, JR., *Attorney* ) <br> *General of the United States*, MICHELE ) <br> M. LEONHART, *Administrator of the* ) <br> *Drug Enforcement Agency*, JOHN ) <br> DOE, *Unknown Agent or Agents of the* ) <br> *Drug Enforcement Administration*, ) <br> RITE AID CORPORATION, VALUE ) <br> DRUG CORPORATION, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 3:13-0089 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM AND ORDER OF COURT

### I.   SYNOPSIS

Pending before the Court is Defendant Rite Aid Corporation's motion to dismiss (ECF No. 14) Plaintiff Dr. Glenn B. Davis's complaint (ECF No. 1) for failing to state a claim upon which relief can be granted. Davis opposes the motion. (ECF No. 22). For the reasons explained below, the Court will **GRANT** Rite Aid's motion to dismiss.

### II.   JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this claim occurred in the Western District of Pennsylvania.

### III.   BACKGROUND

This case arises from Davis's allegations that Defendants interfered with his ability to practice medicine, specifically with his ability to lawfully prescribe medication in the

course of his practice. (ECF No. 1, Compl. ¶ 1). Davis makes the following allegations in his complaint, which the Court accepts as true for the limited purpose of deciding the pending motion.

Davis is a physician, licensed to practice medicine in the Commonwealth of Pennsylvania. (ECF No. 1, Compl. ¶ 7). Davis is registered with the Drug Enforcement Administration ("DEA") and is "authorized to prescribe or dispense controlled substances for medical purposes." (*Id.* ¶ 8). As part of his practice, Davis prescribes to his patients medications that are medically necessary and appropriate. (*Id.* ¶ 12). Davis's patients depend on the treatment they receive in order to maintain their quality of life. (*Id.* ¶ 13).

In 2012, the DEA contacted pharmacies and drug distributors used by Davis's patients and ordered them not to fill prescriptions written by Davis, threatening the pharmacies and drug distributors with the loss of their licenses if they did not comply with the DEA's request. (*Id.* ¶ 14). On February 18, 2013, Rite Aid sent a letter to Davis at the request of a DEA agent stating that Rite Aid would no longer fill prescriptions from Davis's office for certain controlled substances. (*Id.* ¶ 15). Other pharmacies took similar action. (*Id.* ¶¶ 16-17).

Davis was not provided with notice or an opportunity for an administrative hearing as required by the Controlled Substances Act in order to suspend a physician's controlled substances registration. (*Id.* ¶ 18-19). As a result of these actions, Davis lost his ability to effectively practice medicine. (*Id.* ¶ 20).

Davis initiated this action by filing a complaint (ECF No. 1) on April 22, 2013. On June 21, 2013, Rite Aid filed a motion to dismiss (ECF No. 14) Davis's complaint along with a brief in support (ECF No. 15). Davis filed a brief in opposition (ECF No. 22) on

July 31, 2013. With leave from the Court (*see* ECF No. 24), Rite Aid filed a reply brief (ECF No. 23-1) to Davis's brief in opposition. The parties having fully briefed the Court, this matter is now ripe for adjudication.[1]

## IV. STANDARD OF REVIEW

Rite Aid moves to dismiss Davis's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F.3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228

---

[1] On July 22, 2013, the parties jointly moved to stay this case due to pending criminal charges against Davis. (*See* ECF No. 20). The Court granted the motion (ECF No. 21), staying all proceedings in the case with the exception of the instant motion to dismiss filed by Rite Aid.

3

(citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## V. DISCUSSION

The complaint contains three counts. Count One alleges a *Bivens* action against Defendants, including Rite Aid, for depriving Davis of his property interest—in his registration with the DEA and in his ability to maintain his medical practice—without due process of law in violation of the Fifth Amendment. (ECF No. 1, Compl. ¶¶ 21-24). Count Two alleges violations of the Administrative Procedure Act by Defendants Holder and the DEA. (*Id.* ¶¶ 25-29). Count Three alleges a claim under 42 U.S.C. § 1983 against

4

Defendants Rite Aid and Value Drug Company for depriving Davis of his right to practice medicine in violation of the Fifth and Fourteenth Amendments to the Constitution. (*Id.* ¶¶ 30-31). Because Count Two is not asserted against Rite Aid, only Counts One and Three are at issue here.

Rite Aid moves to dismiss the complaint, arguing that Davis has failed to state a claim upon which relief can be granted. Regarding Count One, Rite Aid contends that a *Bivens* action cannot be maintained against a corporate defendant. (ECF No. 15 at 4). Regarding Count Three, Rite Aid contends that Davis fails to allege that Rite Aid acted under color of state law. (*Id.* at 8). The Court will separately address each argument.

### A.     Count One – *Bivens* Claim

Count One of the complaint alleges a constitutional violation under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The complaint alleges that Rite Aid "carried out the policies of the DEA by imposing restrictions on the ability of the Plaintiff, and his patients, to fill prescriptions written by the Plaintiff." (ECF No. 1, Compl. ¶ 23). Davis maintains that Rite Aid deprived him of a property interest—"in his registration with the Drug Enforcement Administration, and in his ability to maintain his medical practice"—without due process of law in violation of the Fifth Amendment. (*Id.* ¶ 24).

Rite Aid argues that Count One of the complaint must be dismissed because a *Bivens* action cannot be asserted against a corporate defendant. (ECF No. 15 at 4). In response, Davis argues that "[p]rivate defendants who act in concert with the federal defendants may be liable as agents, even though no employment relationship exists." (ECF No. 22 at 1).

5

In *Bivens*, the Supreme Court sustained a damages claim under the United States Constitution where federal officers, acting under color of federal law, violated the Fourth Amendment. *See Bivens*, 403 U.S. at 398. The Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). As such, "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Id.* at 70. Courts have interpreted a *Bivens* action as "the federal equivalent of the § 1983 cause of action against state actors" and exists where federal officers, acting under color of federal law, violate a plaintiff's constitutional rights. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

In the years following its decision in *Bivens*, the Supreme Court found a *Bivens* action in certain limited circumstances. *See, e.g., Davis v. Passman*, 442 U.S. 228 (1979) (allowing an action for monetary relief for violation of Fifth Amendment's guarantee of equal protection) and *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing a *Bivens* remedy for violations of the Eighth Amendment's prohibition of cruel and unusual punishment). Nevertheless, the Supreme Court has "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts," *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988), and has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Malesko*, 534 U.S. at 68; *see, e.g., Bush v. Lucas*, 462 U.S. 367 (1983) (refusing to imply a *Bivens* remedy for violations of First Amendment speech rights because other remedies were available); *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (refusing to imply a *Bivens* remedy for social security recipients—whose benefits had been

6

terminated—under Fifth Amendment's Due Process clause because Congress provided adequate remedial measures).

Importantly, in *FDIC v. Meyer*, the Supreme Court refused to extend *Bivens* to permit suit against a federal agency, where a discharged employee alleged violations of his Fifth Amendment rights. *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994). Subsequently, in *Malesko* the Supreme Court concluded, "On the logic of *Meyer*, inferring a constitutional tort remedy against a private entity" is also foreclosed. *Malesko*, 534 U.S. at 71 (noting that *Bivens* is "concerned solely with deterring the unconstitutional acts of individual officers," and not the conduct of agencies or corporate entities); *see also Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012) (finding no *Bivens* remedy was available for a federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct amounts to Eighth Amendment violation and where that conduct falls within state tort law).

Likewise, the Third Circuit has repeatedly concluded that a plaintiff cannot bring a *Bivens* claim against a private corporation or its employees because "the Supreme Court has explicitly refused to extend *Bivens* actions to private corporations." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Malesko*, 534 U.S. at 70-74); *see also Perez-Barron v. United States*, 480 F. App'x 688, 690 (3d Cir. 2012) (noting that *Bivens* actions "may not be brought against private corporations"); *Ruiz v. Fed. Bureau of Prisons*, 481 F. App'x 738, 740 (3d Cir. 2012). Accordingly, based on the foregoing case law, it is clear that a *Bivens* claim cannot be asserted against a private corporation. *See Turner v. Lopez*, No. 3:13-cv-872, 2013 WL 5603260, at *6 (M.D. Pa. Oct. 10, 2013) (discussing case law

in Third Circuit refusing to assign federal civil rights liability under *Bivens* against private corporate defendants).

Nevertheless, Davis contends that the allegations in the complaint establish that "Rite Aid acted in concert with the federal defendants" to deprive Davis of his constitutional rights, thereby satisfying the federal actor requirement of a *Bivens* claim. (ECF No. 22 at 4). Davis's argument hinges on his allegation that "federal agents acted against the Plaintiff by enlisting the private entity [Rite Aid] as an agent." (ECF No. 22 at 3). Contrary to Davis's contentions, however, the complaint fails to establish a sufficient connection between the federal defendants and Rite Aid to state a plausible claim for relief under *Bivens*.

To establish a claim for relief under *Bivens*, a plaintiff must show: (1) that the alleged misconduct was committed by a federal agent; and (2) that as a result, he was deprived of a right secured by the Constitution or laws of the United States. *McCauley v. Computer Aid Inc.*, 447 F. Supp. 2d 469, 473 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 810 (3d Cir. 2007).

To determine whether a private party may be regarded as a federal actor, a court may apply one of three tests: (1) the public function test, (2) the close nexus test, or (3) the symbiotic relationship test. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 801 (3d Cir. 2001). "Regardless of what test is ultimately applied, the object of the inquiry is to determine whether a private entity has exercised powers traditionally reserved exclusively to the government." *Id.* Under the first test, a party engages in a public function when "the government is effectively using the private entity in question to avoid a constitutional obligation or to engage in activities reserved to the government." *Id.* at 801-802. This test

8

is a rigorous inquiry and requires that the "traditionally public function must be the 'exclusive prerogative of the [government].'" *Id.* at 802 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004-5, (1982)). Under the second test, a close nexus exists when the government "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [government]." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (quoting *Blum*, 457 U.S. at 1004). Finally, the symbiotic relationship test "asks whether the government has 'insinuated itself into a position of interdependence' with the defendant." *Brown*, 250 F.3d at 803 (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)); *see also James v. City of Wilkes-Barre*, No. 3:10-cv-1534, 2011 WL 3584775, at *9 (M.D. Pa. Aug. 15, 2011).

Davis asserts that the allegations in the complaint establish a sufficient connection between Rite Aid and the DEA to constitute federal action under any of the three tests. (ECF No. 22 at 5). Davis's argument is unavailing. The complaint alleges the following:

> 14. [T]he DEA . . . began a campaign of harassment against the Plaintiff, and his patients. This conduct has included:
>
>   A. Contacting numerous pharmacies and drug distributors patronized by Plaintiff's patients, and ordering them not to fill prescriptions written by the Plaintiff.
>
>   B. Threatening these pharmacies and drug distributors with the loss of their licensure if they did not comply with these requests.
>
> 15. . . . Plaintiff was notified by a representative of [Rite Aid] that it would "will no longer fill prescriptions from your office . . ." This letter was issued at the request of an agent of the DEA.
>
> 23. Employees of [Rite Aid] . . . acting under the direction of agents of the DEA, carried out the policies of the DEA by imposing

9

restrictions on the ability of the Plaintiff, and his patients, to fill
prescriptions written by the Plaintiff.

(ECF No. 1, Compl. ¶¶ 14, 15, 23).

Rite Aid's only act, according to the complaint, was to comply with a request from the DEA to stop filling prescriptions written by Davis or face licensing suspension. This single act of complying with the DEA's request in no way characterizes Rite Aid as a federal actor for a *Bivens* claim under any of the three tests identified above. *See Smith v. Kitchen*, 156 F.3d 1025, 1028-29 (10th Cir. 1997). Davis has failed to allege facts showing that Rite Aid acted "in such a way as to create an integrated alliance with the government and [whose] conduct therefore is imbued with the power and prestige of government officials." *Gulati v. Zuckerman*, 723 F. Supp. 353, 357 (E.D. Pa. 1989) (quoting *Reuber v. United States*, 750 F.2d 1039, 1057 (D.C. Cir. 1984)).

Therefore, construing the allegations in a light most favorable to Davis, the complaint fails to allege circumstances sufficient to characterize Rite Aid, a corporate defendant, as a federal actor. Because Rite Aid cannot be deemed a federal actor, the complaint fails to state a plausible claim for relief under *Bivens* against Rite Aid. Accordingly, the Court will **GRANT** Rite Aid's motion to dismiss Count One as to Rite Aid with prejudice.

### B.  Count Three – § 1983 Claim

Count Three of Davis's complaint alleges a cause of action under 42 U.S.C. § 1983 and simply states,

> Defendants Rite Aid Corporation, and Value Drug Company, acting under color of state law, have deprived the Plaintiff of his right to practice medicine, and to prescribed [sic] Controlled Substances, without due

>process of law, in violation of the Fifth and Fourteenth Amendments of
>the United States Constitution.

(ECF No. 1, Compl. ¶ 31).

To state a claim for relief under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "To satisfy the state action requirement, the defendant must have used authority derived from the state in causing the alleged harm." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 639 (3d Cir. 1995) (discussing tests for detecting the presence of action under color of state law).

Rite Aid contends that Count Three of the complaint must be dismissed because it fails to allege that Rite Aid acted under color of state law. (ECF No. 15 at 8). Rite Aid argues that the complaint lacks "any reference . . . to any state law," and that the complaint instead alleges "the DEA—a *federal* agency—ordered Rite Aid to refuse Dr. Davis's prescriptions, pursuant to the DEA's regulatory authority under the Controlled Substances Act (21 U.S.C. § 824(c) *et seq.*), which is a *federal* law." (*Id.* at 9) (emphasis in original).

Davis concedes that Count Three of the complaint, "as presently constituted, does not allege sufficient facts to establish the necessary element of state action." (ECF No. 22 at 5). Nevertheless, Plaintiff requests leave to amend his complaint, arguing that "he will be able to establish the involvement of state action." (*Id.*). In response, Rite Aid argues that amendment would be futile and should be denied because "Davis simply cannot assert any colorable claims under [§] 1983 under the facts he alleges." (ECF No. 23-1 at 5).

The law is well settled that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989).

"It is well established that liability under § 1983 will not attach for actions taken under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (citing *Bethea v. Reid*, 445 F.2d 1163, 1164 (3d Cir. 1971)). Because Davis has not alleged that Rite Aid is a state actor, rather than a federal actor, the Court will grant Rite Aid's motion to dismiss Count Three. *Lopez v. U.S. Dep't of Justice*, No. 07-3230, 2007 WL 2988580, at *1 (3d Cir. Oct. 15, 2007).

Davis asserts that, if granted leave to amend, "he will be able to establish the involvement of state action." (ECF No. 22 at 5). However, Davis has not filed a proposed

amendment with the Court nor has he explained how he would amend Count Three of the complaint to allege state action. Furthermore, the complaint alleges violations of federal law and asserts claims against federal actors, and fails to even hint at the possibility that any state action was involved in the events alleged in the complaint.

Consequently, any attempt at amendment would be futile. Accordingly, construing the allegations in the complaint in the light most favorable to Davis, the Court finds that the complaint fails to state a plausible claim for relief under § 1983 against Rite Aid, and will therefore **GRANT** Rite Aid's motion to dismiss Count Three with prejudice.

## VI. CONCLUSION

For the reasons stated above, Davis has failed to state a plausible claim for relief against Rite Aid. Therefore, Rite Aid's motion to dismiss (ECF No. 14) is **GRANTED** with prejudice. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. GLENN B. DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:13-0089 |
| | ) JUDGE KIM R. GIBSON |
| ERIC H. HOLDER, JR., *Attorney General of the United States*, MICHELE M. LEONHART, *Administrator of the Drug Enforcement Agency*, JOHN DOE, *Unknown Agent or Agents of the Drug Enforcement Administration*, RITE AID CORPORATION, VALUE DRUG CORPORATION, | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 16th day of January, 2014, for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED** that Rite Aid Corporation's motion to dismiss (ECF No. 14) is **GRANTED**, with prejudice, as to Counts One and Three of the complaint against Rite Aid.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE